In the Matter of the Petition of NOR-WEST BANK METROWEST NATIONAL ASSOCIATION, formerly known as Northwestern National Bank West and as Northwestern National Bank of Hopkins.

No. C3–86–1009.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Review Denied Feb. 17, 1987.

Robert L. Lowe, Lowe, Schmidthuber & Lindell, Minneapolis, for Schlesingers.

Jon J. Hoganson, Winthrop, Weinstine & Sexton, St. Paul, for Norwest Bank Metrowest Nat. Ass'n.

Heard, considered, and decided by NIER-ENGARTEN, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Appellants Steven and Nancy Schlesinger appeal the trial court's holding that their payment of all mortgage arrearages to the mortgagee, respondent Norwest Bank Metrowest, did not constitute reinstatement under Minn.Stat. § 580.30 sufficient to abandon the foreclosure proceedings. We reverse.

## FACTS

On March 28, 1978, Jeffrey Brown borrowed $32,000 from Norwest, executing a promissory note secured by a mortgage on his real property. Section 17 of the mortgage contained a standard due-on-sale clause, allowing acceleration of all amounts due on the note should Brown sell the property without Norwest's approval. The clause read as follows:

> If all or any part of the property or an interest therein is sold or transferred by borrower without lender's prior written consent * * * lender may, at lender's option, declare all sums secured by this mortgage to be immediately due and payable.

On June 11, 1982, Norwest notified Brown he was in default on the last six monthly installment payments, each in the amount of $279.68, totalling $1,678.08. Norwest also stated that failure to cure the default by July 11, 1982, would result in acceleration of the sum secured by the mortgage and the commencement of foreclosure proceedings.

On July 9, 1982, Brown sold his mortgaged property by contract for deed to D & S Properties. D & S Properties assigned its vendee's interest to appellants Steven and Nancy Schlesinger. On the same day, the Schlesingers delivered a check for $2,044.31, the amount of principal and interest due, to Norwest. Norwest held the check pending receipt of the contract for deed and the Schlesingers' financial statement. On July 15, 1982, Norwest returned Schlesingers' check, informing them by letter that it would accept payment from Brown only.

Norwest did not inform Brown or the Schlesingers that it intended to exercise its option to declare all sums immediately due and payable under the due-on-sale clause. Norwest never stated that Schlesingers posed a security or credit risk as vendees of the mortgaged property.

On September 20, 1982, the property was foreclosed by sheriff's sale.

On January 2, 1985, Norwest moved the trial court to confirm the mortgage foreclosure sale, cancel the Schlesingers' certificate of title, and issue a certificate of title in Norwest's name. The trial court referred the matter to the Examiner of Titles. On August 20, 1985, the Deputy Examiner of Titles filed the report, including findings of fact, conclusions of law and recommendation. That report concluded that the "mortgage was not reinstated, that Minn.Stat. § 580.30 is not applicable and that the said foreclosure sale as evidenced by Document No. 1482270 was valid." The Deputy Examiner failed to make findings supporting this conclusion, however, and stated no reason for not applying Minn.Stat. § 580.30.

On May 13, 1986, the district court entered an order confirming and adopting the Deputy Examiner of Titles' findings and conclusions in their entirety. The trial court's order was unaccompanied by a memorandum.

## ISSUE

Did the trial court err in confirming the Deputy Examiner of Titles' findings and conclusions, holding that Norwest was not obligated to accept the amount in default from the mortgagor's vendee and reinstate the mortgage pursuant to Minn.Stat. § 580.30?

## ANALYSIS

Minn.Stat. § 580.30 mandates that a mortgage shall be reinstated when the amount actually due is paid.

> In any proceedings for the foreclosure of a real estate mortgage, whether by action or by advertisement, *if at any time before the sale of the premises under such foreclosure the mortgagor, the owner, or any holder of any subsequent encumbrance or lien, or any one for them, shall pay or cause to be paid to the holder of the mortgage so being foreclosed,* or to the attorney foreclosing the same, or to the sheriff of the county, the amount actually due thereon and constituting the default actually existing in the conditions of the mortgage at the time of the commencement of the foreclosure proceedings, \* \* \* *then, and in that event, the mortgage shall be fully reinstated and further proceedings in such foreclosure shall be thereupon abandoned.*

Minn.Stat. § 580.30 (1984) (emphasis added).

■ Under the express wording of the statute, anyone can pay the amount delinquent. Norwest could not refuse to accept the payment from the vendees, the Schlesingers. At the time of payment, the statute required Norwest to reinstate the mortgage and abandon foreclosure proceedings.

The issue is whether the due-on-sale clause or the acceleration clause would operate to negate this statute and allow Norwest to return the payment without reinstating the mortgage.

■ The acceleration clause does not preclude reinstatement. In *Davis v. Davis,* 293 Minn. 44, 196 N.W.2d 473 (1972), the Minnesota Supreme Court examined the issue of whether a mortgage acceleration clause requires the mortgagor to tender the entire principal balance in order to reinstate the mortgage under Minn.Stat. § 580.30. The supreme court held:

> [T]he use of the words "actually due" and "the default actually existing" was intended by the legislature to permit reinstatement by the payment of only what was delinquent, plus the costs set out in the statute, without requiring the accelerated principal to be tendered.

*Id.* at 46–47, 196 N.W.2d at 475. The *Davis* court also notes the statute was "adopted in response to hardships experienced by mortgagors resulting from the depressed economic condition of the times," *id.* at 46, 196 N.W.2d at 474, thus implying that the statute is intended to protect mortgagors and be construed in their favor. *Id.* at 47, 196 N.W.2d at 475. Under the *Davis* case, the Schlesingers' payment was sufficient to reinstate the mortgage in spite of the acceleration clause.

■ Similarly, the due-on-sale clause may not be used to preclude the reinstatement of the mortgage upon tender of the amount of default. First, Norwest failed to raise the due-on-sale issue at the hearing. Issues not raised at the trial court level are not reviewable by the appellate court. *E.g., Fingerhut Products Co. v. Commissioner of Revenue,* 258 N.W.2d 606, 608 n. 4 (Minn.1977). In addition, the findings, conclusions and order for judgment failed to contain a sufficient statement of facts to support the conclusion that Minn.Stat. § 580.30 is inapplicable, as required by the rules. Herr & Haydock, 2 *Minnesota Practice* § 52.5, at 636 (1985); *see* Minn.R.Civ.P. 52.

■ Even if this issue were properly before this court, Norwest failed to exercise the option to enforce the due-on-sale clause. By its terms, the due-on-sale clause does not automatically require acceleration of the principal upon a sale without the bank's approval. Norwest never informed Brown it would accept payment in the amount of the default only from him. Neither did

Norwest inform Brown or Schlesingers that it was exercising its option under the due-on-sale clause.

 Finally, the clause would probably not be enforceable, even if exercised. In *Viereck v. Peoples Savings and Loan Association*, 343 N.W.2d 30 (Minn.1984), the Minnesota Supreme Court found the preemption provisions of the Garn-St. Germain Depository Institutions Act, 12 U.S.C. § 1701j–3 (Supp.1986), which authorize exercise of due-on-sale clauses, applied only to loans originated or transferred after October 15, 1982. *Viereck*, 343 N.W.2d at 34–35. Absent retroactive application of the federal statute, Minnesota law applies. The Minnesota Supreme Court has held that, on mortgages originated prior to June 1, 1979, an acceleration of the balance due on a conventional mortgage on borrower-occupied residential property was per se unreasonable absent a valid credit or security risk. *Id.* at 36.

 Norwest not only failed to exercise the due-on-sale clause, but failed to demonstrate a valid risk by Schlesingers' purchase of the property. Norwest's actions preclude it from arguing that the presence of the due-on-sale clause negates the express wording of the reinstatement statute.

### DECISION

The trial court's order confirming the mortgage foreclosure sale is reversed and remanded with instructions to enter its order invalidating the mortgage foreclosure proceeding and denying Norwest's motion.

Reversed and remanded.